UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

GYORGY LADOSENSZKY,

         Debtor.
_____/

Case No. 20-40372

Chapter 7

Judge Thomas J. Tucker

MARITA COWAN,

         Plaintiff,

v.

GYORGY LADOSENSZKY,

         Defendant.
_____/

Adv. Pro. No. 20-4214

### OPINION DETERMINING THAT ANY DEBT OWING BY DEFENDANT TO PLAINTIFF IS NONDISCHARGEABLE UNDER 11 U.S.C. § 523(a)(5) OR 11 U.S.C. § 523(a)(15), ONE OR THE OTHER, AND OTHERWISE DISMISSING THIS ADVERSARY PROCEEDING

The Defendant in this adversary proceeding is the Debtor in a Chapter 7 bankruptcy case pending in this Court. The Defendant obtained a discharge on April 28, 2020, and the pendency of this adversary proceeding is the only reason the bankruptcy case has not yet been closed.

The Plaintiff in this adversary proceeding is the Defendant's ex spouse. The Plaintiff seeks a determination that certain debt — debt allegedly owing by the Defendant to the Plaintiff under a judgment of divorce and subsequent orders entered by the Wayne County, Michigan Circuit Court in the parties' divorce case (the "Divorce Debt") — is nondischargeable.

This adversary proceeding came before the Court for a scheduling conference on June 15, 2020. The Plaintiff's attorney and the Defendant's attorney each appeared, by telephone. During

the scheduling conference, the attorneys for each of the parties agreed on the record that all of the Divorce Debt is nondischargeable in the Defendant-Debtor's Chapter 7 bankruptcy case, under either 11 U.S.C. § 523(a)(5)[1] or 11 U.S.C. § 523(a)(15),[2] one or the other. Debt described by either of these provisions in § 523(a) is excepted from discharge in a Chapter 7 case. *See* 11 U.S.C. § 727(b).

The nondischargeability of the Divorce Debt also is apparent from the parties' pleadings. For example, in her Complaint, the Plaintiff alleges that "[a]ll of the obligations and duties of Defendant to Plaintiff (and related claims) set forth in the Judgment of Divorce and the

---

[1] Under 11 U.S.C. § 523(a)(5), debt for a "domestic support obligation" is nondischargeable. That term is defined in 11 U.S.C. § 101(14A). In pertinent part, the definition means:

> a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
>
> (A) owed to or recoverable by—
>
>    (i) a . . . former spouse,
>
> (B) in the nature of alimony, maintenance, or support . . . of such . . . former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>
>    (i) a separation agreement, divorce decree, [or]
>
>    (ii) an order of a court of record; . . .

[2] 11 U.S.C. § 523(a)(15) makes nondischargeable a debt "to a spouse, former spouse, or child of the debtor and not of the kind described in [§ 523(a)(5)] that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]"

subsequent orders entered in connection with the parties' divorce are non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(5) and/or (15)."[3] In response to this allegation, the Defendant's Answer states: "Admit that Defendant may not discharge any amount properly due to Plaintiff pursuant to the Judgment of Divorce. However, Defendant denies the amount set forth by Plaintiff, as she has failed to properly account for and document amounts owed and amounts received."[4] The Defendant repeatedly admits "that Defendant owes some amount to Plaintiff," but disputes the amount alleged by the Plaintiff.[5]

As a result of the foregoing, this Court now is able to conclusively determine that all of the Divorce Debt, whatever its amount, is nondischargeable in the Defendant-Debtor's Chapter 7 bankruptcy case, under either 11 U.S.C. § 523(a)(5) or 11 U.S.C. § 523(a)(15), one or the other. And the Court now so rules. This Court has subject matter jurisdiction to do this, under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and Local Rule 83.50(a) (E.D. Mich.), and to the extent of making the foregoing dischargeability determination, this is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

Given the foregoing, the Court does not need to determine the extent to which § 523(a)(5) applies to the Divorce Debt, rather than § 523(a)(15). That does not matter in this case. Because it is clear that one or the other of these § 523(a) provisions applies to every part of the Divorce

---

[3] Compl. (Docket # 1) at ¶ 21.

[4] Def.'s Answer to Compl. (Docket # 4) at ¶ 21 (responding to paragraph 21 in the Plaintiff's Complaint); *see also id.* at ¶¶ 26, 48.

[5] *See, e.g., id.* at ¶¶ 20, 44, 46, 47.

Debt, all of the Divorce Debt is nondischargeable in the Defendant-Debtor's Chapter 7 case.[6] And this is undisputed.

Once the Court has made these determinations, it is doubtful that this Court has subject matter jurisdiction or legal authority to go any further — that is, to determine the amount of the Divorce Debt that the Defendant owes the Plaintiff, or to enter a money judgment in any amount for the Plaintiff. That is because this Court's subject matter jurisdiction and authority to make those determinations is dependent on the Court's statutory authority, under, *e.g.*, 28 U.S.C. § 157(b)(2)(I), to determine the dischargeability of the Defendant-Debtor's debt to the Plaintiff. *See generally Longo v. McLaren* (*In re McLaren*), 3 F.3d 958, 965-66 (6th Cir. 1993).

Normally, in determining the dischargeability of a debt, the Court must adequately identify the debt at issue, and often this means that the Court must quantify the debt at issue. But in a case like this one, where the Court is able to sufficiently identify the debt at issue, and to determine that *all* of the debt at issue is nondischargeable, regardless of its amount, there is no longer any basis, or any good reason, for this Court to determine the amount of that debt. Rather, the State court in the divorce case can and should decide what the correct amount of the debt is. *Cf. Rosenfeld v. Rosenfeld* (*In re Rosenfeld*), 535 B.R. 186, 191 (Bankr. E.D. Mich. 2015), *aff'd*, 558 B.R. 825 (E.D. Mich. 2016), *aff'd,* 698 Fed. App'x 300 (6th Cir. 2017) (holding that the court did not have subject matter jurisdiction over adversary proceeding objecting to the debtor's discharge under 11 U.S.C. § 727, where it was undisputed that under § 523(a)(5) or § 523(a)(15), one or the other, the debtor-defendant's divorce-related debt to the plaintiff would not be

---

[6] In a Chapter 13 case, by contrast, debts described in § 523(a)(5) are nondischargeable, but debts described in § 523(a)(15) are dischargeable, except in the case of a so-called "hardship discharge." *See* 11 U.S.C. §§ 1328(a); 1328(c).

discharged in the debtor's chapter 7 bankruptcy case); *Mapley v. Mapley*, (*In re Mapley*), 437 B.R. 225, 228-29 (Bankr. E.D. Mich. 2010) (same).

But even if this Court still has jurisdiction and authority to determine the amount of the Divorce Debt that the Defendant owes the Plaintiff, in its discretion, the Court abstains from deciding that matter, under 28 U.S.C. § 1334(c)(1). The Court does so because the State court in the parties' divorce case is the court that should decide that matter, not this Court. Under the circumstances, abstention is clearly "in the interest of justice" and "in the interest of comity with [the] State court[] [and] respect for State law." *Id.*

For these reasons, the Court will enter a separate judgment, which will provide as follows:

    IT IS ORDERED that:

1. Judgment is entered in favor the Plaintiff Marita Cowan and against the Defendant Gyorgy Ladosenszky on Counts I and II of the Plaintiff's Complaint, to the extent of the relief provided in this Order.

2. All of the Divorce Debt (as defined in the Court's opinion) owing by the Defendant to the Plaintiff is nondischargeable in Debtor-Defendant Gyorgy Ladosenszky's Chapter 7 bankruptcy case, under either 11 U.S.C. § 523(a)(5) or 11 U.S.C. § 523(a)(15), one or the other. All such debt, therefore, is excepted from discharge in the Debtor's Chapter 7 bankruptcy case.

3. To the extent the Plaintiff's Complaint seeks a determination by this Court of the amount of the Divorce Debt or any part of the Divorce Debt allegedly owing by the Defendant to the Plaintiff, all counts in the Complaint are dismissed, without prejudice, based on this Court's lack of subject matter jurisdiction to make such determinations, or in the alternative, based on this Court's abstention under 28 U.S.C. § 1334(c)(1).

5

20-04214-tjt   Doc 11   Filed 06/16/20   Entered 06/16/20 12:52:04   Page 5 of 6

The entry of the judgment will conclude this adversary proceeding.

**Signed on June 16, 2020**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**

6

20-04214-tjt    Doc 11    Filed 06/16/20    Entered 06/16/20 12:52:04    Page 6 of 6

The entry of the judgment will conclude this adversary proceeding.

**Signed on June 16, 2020**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**

<br />

6